**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 7, 2022

LETTER TO COUNSEL:

      RE:    *Violeine L. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
               Civil No. TJS-21-468

Dear Counsel:

On February 24, 2021, Plaintiff Violeine L. petitioned this Court to review the Social Security Administration's final decision to deny Violeine L.'s claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 22. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

Violeine L. filed an application for DIB on January 15, 2018, alleging a disability onset date of May 23, 2015, later amended to October 16, 2016. Tr. 17, 45. The application was denied initially and upon reconsideration. Tr. 17. Violeine L. requested an administrative hearing, and a hearing was held on January 21, 2020, before an Administrative Law Judge ("ALJ"). Tr. 38-60. In a written decision dated March 26, 2020, the ALJ found that Violeine L. was not disabled under the Social Security Act. Tr. 14-33. The Appeals Council denied Violeine L.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Violeine L.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Violeine L. had not engaged in substantial gainful activity from May 23, 2015, through the date last insured of December 31, 2019. Tr. 19. At step two, the ALJ found that, through the date last insured, Violeine L. suffered from the following severe impairments: thoracic spine strain, lumbar spine degenerative disc disease, facet joint syndrome, and obesity. Tr. 19-21. At step three, the ALJ found that, through the date last insured, Violeine L.'s impairments, separately and in combination,

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On February 17, 2022, it was reassigned to Judge Hurson. On February 28, 2022, it was reassigned to me.

failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 21-22. The ALJ determined that, through the date last insured, Violeine L. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except [Violeine L.] could only occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit for a total of 6 hours in an 8-hour workday, occasionally climb ramps and stairs, balance, stoop, kneel and crouch, and never climb ladders, ropes, and scaffolds and crawl. [Violeine L.] must avoid concentrated exposure to extreme cold, wetness, humidity, vibration and hazards (machinery, heights, etc.). [Violeine L.] requires the ability to alternate between sitting and standing and/or for [sic] different length of time but with the understanding that the person would be able to remain on task and meet adequate productivity levels.

Tr. 22.

At step four, the ALJ determined that, through the date last insured, Violeine L. was unable to perform past relevant work. Tr. 27. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that, through the date last insured, there were jobs that existed in significant numbers in the national economy that Violeine L. could have performed, including counter clerk, router, office helper, bagger, sorter, and inspector. Tr. 28-29. Accordingly, the ALJ found that Violeine L. was not disabled under the Social Security Act from May 23, 2015, through December 31, 2019. Tr. 29.

Violeine L. argues that this case must be remanded for further proceedings because (1) the Appeals Council did not consider properly new and material evidence submitted by Violeine L.; and (2) the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions. ECF No. 14-1 at 3-13. After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ did not build a logical bridge from the evidence to the ALJ's conclusion. Accordingly, I will remand this case for further explanation.

Violeine L. contends that remand is warranted because the ALJ failed to explain the evidence upon which the ALJ relied to support the ALJ's RFC assessment. ECF No. 14-1 at 10-13. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

The Court finds that the ALJ's failure to explain the ALJ's determination that Violeine L. "requires the ability to alternate between sitting and standing and/or for [sic] different length of time but with the understanding that the person would be able to remain on task and meet adequate productivity levels" (Tr. 22) frustrates meaningful review. The VE testified that an individual off task 15% of the workday would not be able to maintain work. Tr. 49, 51-52. "First, the ALJ's formulation does not appear to be a statement of the *most* [Violeine L.] can do, but rather a cap on off-task time related to the sit/stand option consistent with what employers typically tolerate." *Pollari v. Berryhill*, No. 18-C-178, 2019 WL 293238, at *2 (E.D. Wis. Jan. 23, 2019) (citation omitted). "The ALJ made no finding that [Violeine L.] actually had the ability to stay on task [more than 85%] of the time." *Id.* "Second, to the extent the ALJ impliedly made such a finding, [the ALJ] failed to explain the basis for [the ALJ's] conclusion that [Violeine L.'s] need to alternate positions (and/or [Violeine L.'s] other limitations) could be accommodated within the [15%] time-off task allowance." *Id.* Thus, "[t]he matter must be remanded for reconsideration of the sit/stand option and time off-task." *Id.* at *3; *accord Peissig v. Saul*, No. 20-CV-198, 2021 WL 1116477, at *3 (E.D. Wis. Mar. 24, 2021) ("The ALJ did not explain why the evidence supported a finding that [the claimant] would not be off task more than ten percent of the workday when transitioning to sitting or standing. On remand the ALJ must either ask the VE whether [the claimant's] sit/stand limitations could be accommodated with a 10% off task limitation or otherwise explain any finding he might make that [the claimant] would not be off task more than ten percent of the workday while transitioning to sitting or standing.").

Because the ALJ "failed to build an 'accurate and logical bridge' from the evidence [the ALJ] recounted to [the ALJ's] conclusion about [Violeine L.'s RFC]," the Court remands this case for the ALJ to do so. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). I decline to address Violeine L.'s remaining argument and express no opinion on the ultimate merits of Violeine L.'s disability claim.

For the reasons set forth above, both parties' motions for summary judgment (ECF Nos. 14 & 22) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge